United States District Court
Southern District of Texas
**ENTERED**
July 29, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LISMAIBI GUADALUPE LUGO VARGAS,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:26-cv-05921** |
| | § | |
| **MARKWAYNE MULLIN, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |
| | § | |

## ORDER

Before the Court is Petitioner Lismaibi Guadalupe Lugo Vargas's Petition for Habeas Corpus (ECF No. 1) and Respondents' Motion to Stay or, in the alternative, Motion for Summary Judgment (ECF No. 6). For the reasons that follow, the Court now **GRANTS IN PART** the Petition for Habeas Corpus, **DENIES** Respondents' Motion to Stay, and **DENIES** Respondents' Motion for Summary Judgment.

### I. BACKGROUND

Parties did not dispute the following facts. On January 6, 2024, she was issued a Notice to Appear (NTA) charging her with being "an alien present in the United States who has not been admitted or paroled" and therefore inadmissible under section 212(a)(6)(A)(i) of the Immigration and Nationality Act (8 U.S.C. § 1182(a)(6)(A)(i)), and he was taken into immigration custody. ECF No. 6 at 2. Immigration authorities then released Petitioner on her own recognizance subject to certain conditions on January 6, 2024. ECF No. 6 at 2.

Respondents do not allege that Petitioner violated any conditions of release. Nonetheless, Respondents re-detained Petitioner on June 24, 2026. ECF No. 1 at 2. She remains in custody. The Government's position is that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2).

## II. ANALYSIS

### a. The Motion to Stay is denied.

Respondents argue that this Court should stay its ruling on the petition until the Fifth Circuit issues an *en banc* ruling in *Sosnava Rodriguez v. Ortega*, No. 26-50183. The Court is aware that the Fifth Circuit recently issued a stay in *Sosnava Rodriguez v. Ortega*, 2026 WL 2104747 (5th Cir. July 21, 2026). However, the Fifth Circuit's order does not clearly state what precedential effect, if any, it has on the district courts in general. As Respondents concede, such a stay is "not conclusive as to the merits," and this Court will not speculate as to the Fifth Circuit's unstated intentions. *Trump v. Boyle*, 145 S. Ct. 2653, 2654 (2025).

Even assuming that the stay has some precedential effect, Respondents are incorrect that Petitioner's case "does not . . . differ in any pertinent respect" from those at issue in *Sosnava Rodriguez*. ECF No. 6 at 3. The *Sosnava Rodriguez* petitioners were detained for the first time, with no existing immigration proceedings pending. Ms. Lugo Vargas was re-detained after being released on her own recognizance; her immigration proceedings have been pending since 2024. In releasing her on her own recognizance, Respondents already made a determination as to Petitioner's flight risk and danger to the community. This key fact is the basis for the Court's analysis below. For these reasons, the Court finds that the Fifth Circuit's stay has no effect on its ruling on Petitioner's claims.

**b. The Court finds that Petitioner's re-detention violates her due process rights.**

Petitioner argues that her re-detention violates, *inter alia*, the Due Process Clause of the Fifth Amendment. Because the Court agrees that Petitioner's re-detention violates her procedural due process rights, it declines to address her other claims.

The Court recently addressed a nearly identical set of circumstances in *Betancourth v. Tate, et al.*, --- F.Supp.3d ---, No. 4:26-CV-01169, 2026 WL 638482 (S.D. Tex. Mar. 6, 2026) (Ellison, J.). *See also Alvarez Rico v. Noem, et al.*, No. 4:26-CV-00729, 2026 WL 522322 (S.D. Tex. Feb. 25, 2026). In those cases, the Court concluded that ICE's re-detention of a noncitizen who was previously released on their own recognizance without a pre-deprivation hearing or proof of changed individual circumstances violated the noncitizen's right to procedural due process. See *Betancourth*, 2026 WL 638482 at *3-4; *Alvarez Rico*, 2026 WL 522322 at *4-6. The Court sees no reason to reach a different result under the facts of this case. It therefore concludes that Petitioner's re-detention violated her Fifth Amendment right to procedural due process.

## III. RELIEF

The Court therefore **ORDERS** as follows:

1. Respondents are **ORDERED** to release Petitioner from custody **within 48 hours**, pursuant to the terms of her prior release order.
2. Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify her next friend of the time and place of her release **no less than three hours** prior to her release from custody.

3. Respondents must return all personal property to Petitioner upon release, including all identity documents such as a social security card, Employment Authorization Document, driver's license, and/or passport.
4. Respondents may not re-detain Petitioner during the pendency of her removal proceedings absent notice and a hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that she is a flight risk or a danger to the community. Respondents similarly may not subject Petitioner to additional conditions of release without a similar hearing at which the government bears the burden of showing why new conditions are necessary.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before August 3, 2026**, informing the Court of the status of Petitioner's release.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on July 29, 2026.

Keith P. Ellison
United States District Judge